Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ANDREWS and CARMEN ANDREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOOK VIP MARKETING INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)];<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)];<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c)<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c)<br>5. RECORDING OF CONFIDENTIAL INFORMAION [CAL. PENAL CODE § 632.7].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs James Andrews and Carmen Andrews ("Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of BOOK VIP MARKETING INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, including the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

2. Plaintiffs also bring this action, individually and on behalf of all others similarly situated, in connection with Defendant's practice of recording calls to consumers without having first notified said consumers or obtaining their consent to have the call recorded, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

3. The CIPA, Cal. Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiffs allege that Defendant continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

4. Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of a question of federal law, in particular the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq..* The Court has supplemental jurisdiction over Plaintiffs' CIPA claims.

5. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Plaintiffs reside within the County of Riverside and Defendant purposefully availed themselves of this jurisdiction by targeting telemarketing efforts towards Plaintiffs who reside in California.

## PARTIES

6. Plaintiff JAMES ANDREWS is a natural person residing in Banning, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Plaintiff CARMEN ANDREWS is a natural person residing in Banning, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8. Defendant, BOOK VIP MARKETING INC. ("Defendant") is seller and marketer of vacations and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. On or about November 2020, Defendant contacted Plaintiff Carmen Andrews on her cellular telephone number ending in -5696, in an attempt to solicit Plaintiff Carmen Andrews to purchase Defendant's services.

12. The area code of Plaintiff Carmen Andrews's cellular telephone number is 760 which is associate with the southeastern and southernmost portions of California.

13. Defendant called Plaintiff Carmen Andrews twice within a thirty (30) day period, both times seeking to advertise its vacation plans.

14. Plaintiff Carmen Andrews's cellular telephone number ending in -5696 has been registered on the National Do-Not-Call Registry since January 2, 2016.

15. On or about November 2020, Defendant also contacted Plaintiff James Andrews on his cellular telephone number ending in -3537, in an attempt to solicit Plaintiff James Andrews to purchase Defendant's services.

16. The area code of Plaintiff James Andrews's cellular telephone number is 760 which is associate with the southeastern and southernmost portions of California.

17. Defendant called Plaintiff James Andrews twice within a thirty (30) day period, both times seeking to advertise its vacation plans.

18. Plaintiff James Andrews's cellular telephone number ending in -3537 has been registered on the National Do-Not-Call Registry since August 9, 2010.

19. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiffs seeking to solicit its services.

20. Plaintiffs confirmed that Defendant placed the calls to Plaintiffs when Plaintiffs answered the phone calls. During the phone calls, Defendant confirmed that Defendant was calling Plaintiffs, that Defendant had failed to honor the National Do-Not-Call Registry, that Defendant had made the calls using an automatic telephone dialing system, and, at the end of the calls, that Defendant had recorded the calls with Plaintiffs without informing Plaintiffs it was recording the calls and obtaining their consent for such recordation.

21. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

22. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

23. During all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

24. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

25. Plaintiffs received numerous solicitation calls from Defendant within a 12-month period.

26. During each conversation between Plaintiffs and Defendant, Plaintiffs maintained a reasonable expectation of privacy. That is, Plaintiff had a reasonable expectation during his phone conversations with Defendant that the conversations would neither be recorded nor overheard.

27. Defendant intentionally recorded their calls with Plaintiffs through the use of an electronic device without having first obtaining Plaintiffs' consent to be recorded or otherwise notifying Plaintiffs that the call was being recorded, thereby violating the CIPA, Cal. Penal Code § 632.7.

28. Upon information and belief, and based on Plaintiffs' experiences of being called by Defendant despite having no prior relation to Plaintiffs whatsoever, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

29. Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member of three proposed classes

30. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

31. Plaintiffs represent and are members of The ATDS Class consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

32. The class concerning the DNC claims for the calls in violation of the do-not-call provisions of the TCPA (hereafter "The DNC Class") is defined as follows:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call

> Registry for at least thirty (30) days, but who received at least two calls in a year by or on behalf of Defendant for the purpose of promoting the sale of Defendant's products or services within the four years prior to the filing of this Complaint.

33. Plaintiffs represents and are members of The DNC Class, consisting of all persons within the United States whose telephone numbers were listed on the National Do-Not-Call Registry for at least thirty (30) days, but who received at least two calls in a year by or on behalf of Defendant for the purpose of promoting the sale of Defendant's products or services within the four years prior to the filing of this Complaint.

34. The class concerning Defendant's recordings of phone calls in violation of Cal. Penal Code § 632.7 ("The CIPA Class") is defined as follows:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.

35. Plaintiffs represents and are members of The CIPA Class, consisting of all persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.

36. The ATDS Class, the DNC Class, and the CIPA Class may be referred to collectively hereinafter as "The Classes".

37. Defendant, its employees and agents are excluded from The Classes. Plaintiffs do not know the number of members in The Classes, but believes the Classes' members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon alleges that The Classes include thousands of members. Plaintiffs allege that The Classes members may be ascertained by the records maintained by Defendant.

39. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and The ATDS Class members via their cellular telephones thereby causing Plaintiff and The ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and The ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and The ATDS Class members.

40. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiffs and The ATDS Class members were

    damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant should be enjoined from engaging in such conduct in the future.

41. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

42. Plaintiffs and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and The DNC Class members via their telephones registered in the National-Do-Not-Call Registry and failed to have reasonable policies to comply with the Do-Not-Call Registry thereby invading the privacy of said Plaintiffs and The DNC Class members.

43. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

  a. Whether, within the four years prior to the filing of this Complaint, Defendant made two telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) within a year to a DNC Class member who was registered on the National Do-Not-Call Registry for at least 30 days;

  b. Whether Plaintiffs and The DNC Class members were damaged thereby, and the extent of damages for such violation; and

       c.      Whether Defendant should be enjoined from engaging in such conduct in the future.

44. As a person that received two telemarketing/solicitation calls from Defendant within a year while being registered on the National Do-Not-Cal Registry, Plaintiffs are asserting claims that are typical of The DNC Class.

45. Plaintiffs and members of The CIPA Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded inbound and outbound cellular telephone conversations without their consent and without giving them prior notice of the recording within the one year prior to the filing of this action, thereby running afoul of CIPA Class members' reasonable expectations of privacy and causing them damage.

46. Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class. These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

       a.      Whether Defendant has a policy of recording incoming or outgoing calls;

       b.      Whether Defendant has a policy of recording incoming or outgoing calls initiated to or from a cellular telephone;

       c.      Whether Defendant discloses to callers or obtains their consent that their incoming or outgoing telephone conversations were being recorded;

       d.      Whether Defendant's policy of recording incoming or outgoing calls to cellular telephones constitutes a violation of the CIPA, Cal. Penal Code § 632.7;

    e. Whether Plaintiffs and The CIPA Class were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

47. As a California resident whose telephone communications from Defendant were recorded without consent or notice, Plaintiffs are asserting claims that are typical of The CIPA Class because every other member of The CIPA Class, like Plaintiff, was a person in California who was exposed to practically identical conduct, and they are entitled to the greater of either $5,000 in statutory damages or three times the amount of actual damages for each violation.

48. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

49. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes' member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

50. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such

non-party Classes members to protect their interests.

51. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of The ATDS Class**

52. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

54. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the ATDS Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

55. Plaintiffs and The ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of The ATDS Class**

56. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

57. The foregoing acts and omissions of Defendant constitute numerous

1 and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

58. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and The ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

59. Plaintiffs and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of The DNC Class**

60. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

62. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

63. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of The DNC Class**

64. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

65. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

66. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

67. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

**On Behalf of The CIPA Class**

68. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

69. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

70. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

71. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

72. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, agents, and managers of Defendant.

73. Plaintiffs are informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

74. Said recording equipment was used to record the telephone conversations of Plaintiffs and the members of the CIPA Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

75. Based on the foregoing, Plaintiffs and the members of the CIPA Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

76. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the CIPA Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in

Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and The ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and The ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(1),* Plaintiffs and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiffs and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

- For statutory damages of $5,000 per violation of Cal. Penal Code § 632.7 for Plaintiffs and each member of The CIPA Class pursuant to Cal. Penal Code § 637.2(a).
- Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The CIPA Class, without their prior consent, as required by Cal. Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiffs and The CIPA Class.
- For general damages according to proof.
- For costs of suit.

- For prejudgment interest at the legal rate.
- For attorney's fees and costs pursuant to Cal. Code of Civ. Pro. § 1021.5.
- For such further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

77.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to and demand a trial by jury.

Respectfully Submitted this 8th Day of March, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiffs